**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MAURICE J. OJSERKIS          :
                             :
         Plaintiff,          :
                             :    Civil Action No. 06-5089 (RMB)
         v.                  :
                             :    **OPINION**
DOMINIC J. APRILE, et al,    :
                             :
         Defendants.         :


**APPEARANCES:**

    Maurice J. Ojserkis, pro se
    2050 Ocean Heights Avenue
    Egg harbor Township, New Jersey  08234-9659

**BUMB**, District Judge

    Plaintiff Maurice J. Ojserkis, pro se, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigency re-submitted to the Court on January 31, 2007, and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will (1) grant Ojserkis' application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998); and (2) order the Clerk of the Court to file the complaint.

    At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim

1

upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that dismissal of the Complaint is warranted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).  Nothing in this case suggests that Plaintiff may be able to state a valid claim by amending the Complaint.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff is a recipient of the United States Air Force distinguished Flying Cross of Honor.  Plaintiff contends that he entered into retainer agreements with five of the defendants, whom are either attorneys or law firms.  He alleges, inter alia, that the retainers were "tainted."  He also alleges that he was "unfairly declared [the] loser in unwanted fee arbitration hearing[s]" with the remaining three defendants, two of whom are attorneys and one a law firm.  Plaintiff alleges he "lost [his case] under conditions of conflict or (sic) interest and other matters of lack of equal justice under the law, conspiracy with violations of rules of professional conduct."  Complaint at 3.

Plaintiff seeks damages in the amount of $22,000,000.00 plus punitive damages.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 520 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with

prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the laws or Constitution of the United States and, second, that the alleged deprivation was committed or caused by a person acting <u>under color of state law</u>. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.   ANALYSIS

Although not "immune" from suit or liability, an attorney may be entitled to dismissal of a civil rights action on the ground that it fails to state a claim, because lawyers, typically, are not "state actors." "[A] lawyer representing a client is not, by virtue of being an officer of the court, a

4

state actor 'under color of state law' within the meaning of § 1983." Polk County v. Dodson, 454 U.S. 312, 318 (1981).

Here, Plaintiff's claims relate solely to his claims sounding in legal malpractice or wrongdoing. Plaintiff either retained attorneys privately ("Plaintiff and Defendants One to Five entered into a retainer agreement" (Complaint at 2)) or attended a fee arbitration hearing with private attorneys. ("Plaintiff has been unfairly declared loser in unwanted fee arbitration hearing with Defendants Six, Seven and Eight." (Complaint at 2)). Under the facts alleged, the named attorneys and law firms cannot be considered state actors. Thus, all claims for damages will be dismissed with prejudice.

Nothing in this Opinion shall be construed as a finding with respect to whether Plaintiff has a meritorious claim otherwise.

## V. CONCLUSION

For the reasons set forth above, the Complaint must be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), for failure to state a claim. It does not appear that Plaintiff could cure the defects in his Complaint by amendment. An appropriate order follows.


Dated: February 7, 2007            s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge